ORDER

PER CURIAM.
Antonio D. Nastor responds to the court’s order directing him to show cause why his appeal should not be dismissed as untimely.
The certified list of docket entries of the United States Court of Appeals for Veterans Claims in Nastor v. DVA, No. 04-1802, 2005 WL 729663 (VetApp. May 10, 2005) reflects that the judgment dismissing Nastor’s appeal was entered on May 10, 2005. The list further reflects that Nastor filed his notice of appeal on July 19, 2005, more than 60 days later.
Nastor states that he waited to file a notice of appeal until after the Court of Veterans Claims ruled on his motion for panel reconsideration. However, his motion for reconsideration was untimely under the Court of Veterans Appeals’ rules and did not toll the time for filing an appeal. An appeal must be filed within 60 days of entry of judgment. See 38 U.S.C. § 7292(a); Fed. R.App. P. 4(a)(1). The time limit for filing a notice of appeal is jurisdictional. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (“It is well settled that the requirement of a timely notice of appeal is ‘mandatory and jurisdictional.’ ” (citation omitted)). Thus, Nastor’s failure to file timely a notice of appeal may not be waived. See Christianson v. Colt Operating Indus. Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (court may not extend its jurisdiction where none exists); Placeway Constr. Corp. v. United States, 713 F.2d 726, 728 (Fed.Cir.1983). Therefore, the appeal must be dismissed.
*736 Accordingly,
IT IS ORDERED THAT:
(1) Nastor’s appeal is dismissed.
(2) Each side shall bear its own costs.