# United States Court of Appeals for the Federal Circuit

---

**PHILLIP E. WAGNER,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7024

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 08-1702, Judge Alan G. Lance, Sr.

---

Decided: October 24, 2013

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant. On the brief was THEODORE C. JARVI, Law Offices of Theodore C. Jarvi, of Tempe, Arizona.

JAMES SWEET, Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and CHRISTINA L. GREGG,

Staff Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was BRIAN D. GRIFFIN.

---

Before O'MALLEY, CLEVENGER, and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

In the Equal Access to Justice Act (EAJA), codified in relevant part at 28 U.S.C. § 2412, Congress mandated that, in defined circumstances, the government pay appropriate attorney's fees to private parties who win in litigation against it. The policy "is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r v. Jean*, 496 U.S. 154, 163 (1990). EAJA applies, and its central policy is of particular significance, in the "uniquely pro-claimant" system for adjudicating veterans' claims for benefits, where it "helps to ensure that [veterans] will seek an appeal when the [Department of Veterans Affairs] has failed in its duty to aid them or has otherwise erroneously denied them the benefits that they have earned." *Kelly v. Nicholson*, 463 F.3d 1349, 1353 (Fed. Cir. 2006).

This case involves a delay in actual payment of EAJA fee awards for a long period after there was no longer a live dispute about those awards. We hold that the long delay, which undermined the EAJA policy as it applies to veterans' claims for benefits, was not justified by the only reason given by the Court of Appeals for Veterans Claims. This case also involves a later award, which does not involve an issue of payment delay and as to which we affirm the Veterans Court in its reduction of the request for fees.

BACKGROUND

In 2001, Phillip Wagner, who served in the United States Navy for 23 years, sought disability compensation for a thyroid disorder that he claimed was contracted or aggravated in the line of duty. The United States Department of Veterans Affairs denied his claim. But in March 2009, when his case was on appeal in the Veterans Court, he secured an uncontested remand for readjudication, which ultimately established his entitlement to disability compensation.

Having prevailed, Mr. Wagner timely filed an application for $11,710.57 in fees pursuant to EAJA, which directs a court to award reasonable "fees and other expenses" to private parties who prevail in litigation against the United States if certain requirements are met. 28 U.S.C. § 2412(d)(1)(A). The government conceded that Mr. Wagner was entitled to an award but challenged the amount. On October 14, 2009, the Veterans Court granted Mr. Wagner's fee application in part, awarding him $8,601.80, which gave the government all the reductions it sought except for 3.2 hours of work. *Wagner v. Shinseki*, No. 08-1702, slip op. at 3-4 (Vet. App. Oct. 14, 2009).

Twelve days later, on October 26, Mr. Wagner filed his first supplemental application, which sought $2,458.90 in fees for defending the original application against the government's reasonableness challenges. Then, on January 5, 2010, before ruling on the first supplemental application, the Veterans Court entered judgment on the October 14, 2009 award:

> The Court has issued a decision concerning the application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, in this case. The time allowed for motions under Rule 35 of the Court's Rules of Practice and Pro-

cedure has expired.  Under Rule 36, judgment is entered this date.

But the next day, January 6, the Veterans Court revoked the judgment, providing no explanation for its action other than its statement that the previous day's judgment "was issued in error."

On January 19, 2010, after the Veterans Court had vacillated on entry of judgment on the October 2009 fee award on the original fee application, Mr. Wagner moved the Veterans Court to enter judgment on that award.  He argued that "Rule 36  . . . provides that judgment will be issued after the later of several events," all of which had already occurred.  The Veterans Court denied the motion on February 17, 2010; the "stamp order" simply "denied" the motion, without giving a rationale.

That same day, February 17, 2010, the Veterans Court denied Mr. Wagner's first supplemental application, which sought fees incurred defending the original application.  *Wagner v. Shinseki*, No. 08-1702, 2010 WL 537140 (Vet. App. Feb. 17, 2010).  Because it had awarded only $8,601.80 of the $11,710.57 requested in the original application, the Veterans Court concluded that Mr. Wagner's "original request was, in substantial part, unreasonable" and that it "cannot now conclude that his defense of that request is worthy of pecuniary reward at the expense of the public coffers."  *Id.* at 2.  Mr. Wagner appealed to this court, which reversed the Veterans Court on April 29, 2011, holding that, because Mr. Wagner "was partially successful in defending against the government's challenge to his initial fee application, he was entitled to supplemental fees commensurate with the degree of success he achieved."  *Wagner v. Shinseki*, 640 F.3d 1255, 1261 (Fed. Cir. 2011).  Three weeks later, on May 18, 2011, the Veterans Court on remand granted Mr. Wagner's first supplemental application (for $2,458.90).

*Wagner v. Shinseki*, No. 08-1702, 2011 WL 1878520 (Vet. App. May 18, 2011).

Twenty-three days later, on June 10, 2011, the Veterans Court entered judgment. Although the judgment did not specifically say, the government here expressly agrees that the judgment of June 10, 2011, applied to both the October 2009 award on the original application and the May 2011 award on the first supplemental application. Brief for Respondent-Appellee at 3.

On June 14, 2011, Mr. Wagner filed an additional EAJA fee application, his second supplemental application, seeking $25,855.75 for the work required to defend his first supplemental application, including the work done in the successful appeal to this court.

By March 16, 2012, Mr. Wagner had yet to receive any payment from his original application (granted in part in October 2009) or from his first supplemental application (granted in full in May 2011), so he filed with the Veterans Court a motion for the issuance of a judgment and mandate. Mr. Wagner acknowledged that his second supplemental application was still pending and would require further proceedings, but he argued that "there is nothing in those subsequent proceedings which can affect the October 2009 or May 2011 decisions, which found [entitlement] to reasonable fees." Mr. Wagner pleaded that, "[i]f the [Veterans] Court denies this request, [he] respectfully requests that it give its reasons and bases for such a denial."

The Veterans Court issued its most recent decision in this matter (and the decision now on appeal) on June 27, 2012. *Wagner v. Shinseki*, No. 08-1702 (Vet. App. June 27, 2012). The Veterans Court first addressed six challenges the government made to the reasonableness of Mr. Wagner's second supplemental application, agreeing with five of the challenges and accordingly granting Mr. Wagner fees for 41.5 fewer hours than he requested. *Id.* at 2-

3. The Veterans Court then recognized that "[a]lso before the [Veterans] Court is [Mr. Wagner's] motion for issuance of judgment and mandate." *Id.* at 3. The Veterans Court denied the motion with the explanation that the "Secretary [of Veterans Affairs] opposes this motion and the [Veterans] Court will not circumvent his appellate rights." *Id.*

The Veterans Court entered judgment on its June 27 decision on October 9, 2012. Mr. Wagner timely petitioned this court for review under 38 U.S.C. § 7292(a).

DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited. *See* 38 U.S.C. § 7292. We have jurisdiction to decide appeals insofar as they challenge a decision of the Veterans Court with respect to a rule of law, including the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Mr. Wagner appeals the Veterans Court's refusal to require that the government promptly pay his original and first supplemental EAJA applications as well as its reduction of the request for fees on his second supplemental application. Because the Veterans Court has offered only one explanation for denying Mr. Wagner's motions to issue a judgment and mandate, and that explanation is legally erroneous, we vacate its denial of his March 2012 motion and remand for further consideration. As to the Veterans Court's ruling on Mr. Wagner's second supplemental application, we see no legal error and therefore affirm.

A

The sole rationale that the Veterans Court provided for denying Mr. Wagner's second motion for prompt payment—that the "Secretary opposes this motion and the Court will not circumvent his appellate rights"— misinterprets the laws governing appeals from the Veterans Court. As of the June 27, 2012 decision that is now on review, indeed as of August 2011, the government had no such appeal rights concerning the October 2009 and May 2011 fee awards. Thus, we vacate the judgment of the Veterans Court in this respect.

As an initial matter, we note that the correctness of the Veterans Court's June 2012 denial of the motion for judgment and mandate is not moot, despite the entry of the October 2012 judgment on the June denial that brought this case here. Presumably because there is no mandate providing an immediately enforceable right of payment, the government has not paid Mr. Wagner the uncontested October 2009 and May 2011 fee awards, and it has not offered to do so while this appeal proceeds. Moreover, our ruling on that denial can easily have a concrete effect on the timing of Mr. Wagner's receipt of payment. Mr. Wagner has already prevailed in part on the second supplemental fee application; the government has not contested the awarded amount; and he may file (if he has not already filed) an application for fees for his work in obtaining that amount. Our ruling on the correctness of the Veterans Court's denial of the motion for judgment and mandate could make the difference between his being paid immediately on the earlier fee awards and his being told, once again, that the pendency

of a follow-on application requires further delay in payment.[1]

On the merits, we conclude, the Veterans Court relied on an incorrect view of the law in denying the motion for judgment and mandate on the ground that granting the motion would prejudice the Secretary's appeal rights regarding the October 2009 and May 2011 fee awards. The Secretary had no such rights by 2012.

On June 10, 2011, the Veterans Court entered judgment on Mr. Wagner's original application and first supplemental application, both of which the Veterans Court had already granted in decisions dated June 14, 2009, and May 18, 2011, respectively. The government had 60 days from entry of the June 10, 2011 judgment to appeal the award of $8,601.80 on Mr. Wagner's original application and $2,458.90 on his first-supplemental application. Those seeking review of a Veterans Court decision "shall . . . fil[e] a notice of appeal . . . within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts." 38 U.S.C. § 7292(a). Where, as here, "one of the parties is . . . a United States officer or employee sued in an official capacity," appeals to courts of appeals must be taken within 60 days after the district court enters judgment. 28 U.S.C. § 2107(b); *see also* Veterans Court Rule of Practice and Procedure 36(a) ("Judgment begins the 60-

---

[1]   We do not know how the Veterans Court would apply its Rule 39, or whether it would waive the rule, if a post-remand fee application were filed for work on an earlier application (here, for example, the second supplemental application) that was contested on appeal (a contest affecting the degree of success). Such a determination, presumably taking into account the relevant statutory policies, is for the Veterans Court in the first instance.

day time period for appealing to the U.S. Court of Appeals for the Federal Circuit."). For appeals from district courts, the Supreme Court "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional,'" *Bowles v. Russell*, 551 U.S. 205, 209 (2007), and it has clearly but indirectly indicated that the same conclusion applies to appeals under section 7292(a) from the Veterans Court to this court, *Henderson v. Shinseki*, 131 S. Ct. 1197, 1205 (2011) (finding that the language of section 7292(a) "clearly signals" jurisdictional restrictions on the time for taking an appeal). Thus, by August 9, 2011, the government, in not appealing the June 2011 judgment, forfeited any right to do so later.

For that reason, the Veterans Court's denial of Mr. Wagner's motion rested on a legally erroneous rationale— that the "Secretary opposes [the] motion" and to grant it would "circumvent his appellate rights." That error requires vacating the denial and remanding with respect to the motion for judgment and mandate.

The government has advanced what it suggests is an alternative ground to affirm the denial, which we address as such and because it is relevant to the remand. At oral argument, citing *United States v. Eleven Vehicles*, 200 F.3d 203 (3d Cir. 2000), the government suggested that the EAJA timing requirement, 28 U.S.C. § 2412(d)(1)(B), would preclude the entry of an enforceable judgment on a fee application if a supplemental application were pending. We see no merit in that argument. In fact, *Eleven Vehicles* specifically held that section 2412(d)(1)(B) does not even apply to a supplemental fee application. *Id.* at 209-10. Once an initial fee application is filed within 30 days of the merits judgment, the timing rule of section 2412(d)(1)(B) is satisfied, and as to supplemental applications, "Congress envisioned only one strict requirement in EAJA fee cases, namely that the court and the Government be put on notice that the claimant seeks fees under the EAJA." *Id.* at 209. For a supplemental application,

the tribunal's procedural rules as well as equitable considerations may apply to the time of filing, but section 2412(d)(1)(B) does not. *Id.* at 209-10.

The government has not cited anything in EAJA, much less Title 38, that supports long delays in issuing enforceable judgments for payment of fee awards that are no longer subject to challenge. Payment of attorney's fees—actual payment of attorney's fees—plays the "particularly important role" in the veterans' adjudicatory system of ensuring "that litigants 'will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved.'" *Wagner*, 640 F.3d at 1258 (quoting *Scarborough v. Principi*, 541 U.S. 401, 407 (2004)). "Removing such deterrents is imperative in the veterans benefits context, which is intended to be uniquely pro-claimant." *Kelly v. Nicholson*, 463 F.3d 1349, 1353 (Fed. Cir. 2006); *see Jean*, 496 U.S. at 163 ("the specific purpose of the EAJA is to eliminate . . . the financial disincentive to challenge unreasonable governmental actions").

Nor is entry of an enforceable judgment on a fee application (after the appeal time has run) barred by a concern that finality is defeated by the filing of a further application for fees for the work done on the underlying application. The Supreme Court has held that, for the purposes of finality and appeal, an award of attorney's fees is collateral to the judgment on the merits in the underlying case. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988). Specifically, "[a] question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." *Id.* at 199. For the same reasons, a pending request for supplemental fees is "separate from" a decision on the underlying application.

In short, there is no apparent rule of law that would require affirmance of the June 2012 denial of the motion for judgment and mandate. To the contrary, a number of relevant legal authorities support prompt payment of uncontested fees, despite the pendency of follow-on fee applications. Those sources hardly exhaust the possible grounds for determining the timing of enforceable judgments, but such additional grounds, not having been articulated by the Veterans Court or the government here, are not before us in this appeal.

B

We affirm the Veterans Court's reduction of Mr. Wagner's request for fees in his second supplemental application. The government challenged six categories of entries in Mr. Wagner's itemized fee request as unreasonably billing for duplicative or unnecessary work. The Veterans Court agreed with five of the challenges and reduced the award accordingly. Mr. Wagner argues that the Veterans Court erred (1) by not requiring the government to submit evidence demonstrating that the challenged fees were unreasonable and (2) by failing to consider the results Mr. Wagner obtained when determining the amount of reasonable fees. Our review is limited to legal questions. We hold that the Veterans Court committed no error of law in the respects Mr. Wagner alleges.

First, the Veterans Court decided that some entries in Mr. Wagner's second supplemental application failed to demonstrate that the hours billed were reasonable. *See Wagner*, No. 08-1702, slip op. at 2 (Vet. App. June 27, 2012) ("The Court agrees that [Mr. Wagner] has not demonstrated that the hours cited by the [Government] were necessary."). As Mr. Wagner acknowledges, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Supreme Court has instructed that

courts granting fee applications "should exclude from [the] fee calculation hours that were not 'reasonably expended,'" which includes "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The Veterans Court did not depart from that standard, and its finding that Mr. Wagner did not meet his burden of demonstrating reasonableness under that standard is one we have no jurisdiction to review. *See* 38 U.S.C. § 7292.

Second, the Veterans Court stated that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Wagner*, No. 08-1702, slip op. at 1 (Vet. App. June 27, 2012). The Veterans Court then recognized that the product of reasonable hours times a reasonable rate does not end the inquiry; instead, a court should "consider whether the hours claimed are . . . contraindicated by the factors for determining reasonableness itemized in *Hensley* or *Ussery [v. Brown*, 10 Vet. App. 51, 53 (1997)]." *Id.* at 1-2. As both *Hensley* and *Ussery* list the results obtained by the prevailing party among the factors to consider, s*ee Hensley*, 461 U.S. at 440; *Ussery*, 10 Vet. App. at 53, the Veterans Court's reference to those decisions incorporates that factor as a material consideration where it is placed in issue. We see no error in the Veterans Court's legal approach, which contemplates adjustment of the hours-times-fees calculation by consideration of results obtained where such an adjustment is requested. Mr. Wagner has not cited any law requiring such consideration where not requested. *See Hensley*, 461 U.S. at 437 ("When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff," a "court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained."). Seeing no legal error, we affirm the Veterans Court's reduction of Mr. Wagner's fee request in his second supplemental fee application.

CONCLUSION

We vacate the Veterans Court's denial of Mr. Wagner's motion for the entry of a judgment and mandate regarding the October 2009 and May 2011 fee awards and remand. We affirm the Veterans Court's judgment regarding Mr. Wagner's second supplemental application.

No costs.

**VACATED IN PART, AFFIRMED IN PART, AND REMANDED**