NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALFRED CLEMMONS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2014-7041

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 08-3584, Judge William P. Greene, Jr.

---

**ON MOTION**

---

Before PROST, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to dismiss this appeal as untimely. The appellant has not responded.

On July 8, 2010, the United States Court of Appeals for Veterans Claims ("Veterans Court") entered judgment in Alfred Clemmons's case. The Veterans Court received Clemmons's notice of appeal on January 2, 2014, more than 3 years after the date of judgment.

To be timely, a notice of appeal must be received by the Veterans Court within 60 days of the entry of judgment. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1). Like appeals from district courts, the statutorily prescribed time for filing appeals from the Veterans Court to this court is mandatory and jurisdictional. *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013); *see also Henderson v. Shinseki*, 131 S. Ct. 1197, 1204-05 (2011) (indicating jurisdictional restrictions on the time for taking an appeal under section 7292(a)). Accordingly, even in circumstances in which it would be equitable to do so, this court is without authority to waive the deadline for filing an appeal to this court from the Veterans Court. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Because Clemmons's appeal was filed outside of the statutory deadline for taking an appeal to this court, we must dismiss the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT
/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk

ISSUED AS A MANDATE: March 27, 2014

s25