NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**JOHN D. VAUGHN,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

2014-7085

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2582, Judge Margaret C. Bartley.

Before REYNA, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

## O R D E R

John D. Vaughn responds to this court's order directing him to show cause why this appeal should not be dismissed as untimely.  The Acting Secretary of Veterans Affairs also responds.

On February 20, 2014, the United States Court of Appeals for Veterans Claims ("Veterans Court") entered

judgment in Vaughn's case. His notice of appeal was received on May 13, 2014, 82 days after judgment.

To be timely, a notice of appeal must be received by the Veterans Court within 60 days of the entry of judgment. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1). Like appeals from district courts, the statutorily prescribed time for filing appeals from the Veterans Court to this court is mandatory and jurisdictional. *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013); *see also Henderson v. Shinseki*, 131 S. Ct. 1197, 1204-05 (2011) (indicating jurisdictional restrictions on the time for taking an appeal under section 7292(a)). Accordingly, even in circumstances in which it would be equitable to do so, this court is without authority to waive the deadline for filing an appeal to this court from the Veterans Court. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Because Vaughn's appeal as to the underlying judgment was filed outside of the statutory deadline for taking an appeal to this court, we must dismiss the appeal.

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s26