NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REGINALD D. GAINER,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-2331

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-2832, Judge Coral Wong Pietsch.

---

Decided:  November 8, 2016

---

REGINALD D. GAINER, Panama City, FL, pro se.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Robert Gainer is a veteran of the U.S. armed forces. Before 2009, he was awarded some disability benefits by the Department of Veterans Affairs. In 2009, he filed an informal claim for a determination, under 38 C.F.R. § 4.16, that he was totally disabled based on individual unemployability. The relevant Regional Office of the Department denied that claim, and that denial was upheld by the Board of Veterans' Appeals and the Court of Appeals for Veterans Claims.

In this appeal, Mr. Gainer argues that the Veterans Court misinterpreted 38 U.S.C. § 7104(a) when it rejected his argument that the Board improperly considered evidence that had not been considered by the Regional Office. We disagree. The Veterans Court correctly recognized that § 7104(a) generally prohibits the Board from considering in the first instance evidence that was not considered by the Regional Office, and the Veterans Court reviewed the record in view of that interpretation. None of the Veterans Court's actions suggest that it misinterpreted § 7104. We lack jurisdiction to review Mr. Gainer's remaining arguments, which challenge the Veterans Court's factual determinations.

I

Robert Gainer served on active duty in the U.S. Navy from October 1985 to February 1986. In September 1986, the relevant Regional Office concluded that Mr. Gainer had a service-connected chronic lumbosacral strain. In July 1990, the Regional Office rated Mr. Gainer 100% disabled for a defined period (May 8, 1990, to June 30, 1990), based on his hospitalization and treatment, for

lower back pain, at a Department medical center. In August 1990, after the temporary period ended, the Regional Office denied Mr. Gainer's claim for an additional disability rating. Mr. Gainer did not appeal.

In 2004, Mr. Gainer filed a new claim based on his back problems. In 2006, following several medical examinations, the Board rated him 20% disabled, effective April 13, 2004. In 2007, the Regional Office increased the disability rating to 40%, effective August 21, 2006. In 2008, the Board affirmed. Mr. Gainer appealed, and in 2009, the Veterans Court remanded the matter pursuant to a joint motion of the parties.

While the matter was pending on remand, Mr. Gainer underwent several medical evaluations. In November 2009, he was examined by Dr. Hardin, a Department physician. Dr. Hardin opined that Mr. Gainer was not able to be employed at the time because of "his current level of pain and disability." J.A. 3. Based on that opinion, Mr. Gainer filed an informal claim for a rating of total disability based on individual unemployability. In 2010 and 2011, the Regional Office denied his claim, and in 2011, the Board remanded the claim.

In 2012, the Regional Office again denied Mr. Gainer's claim, and the Board affirmed. In 2014, the Veterans Court vacated the Board's decision and remanded the case, concluding that the Board had provided inadequate reasons or bases for its determinations. On remand, in May 2014, the Board found that Mr. Gainer should be afforded another medical examination to determine whether his service- and non-service-connected disabilities caused his unemployment. In June 2014, Mr. Gainer was again examined by Dr. Hardin, who opined that Mr. Gainer suffered from cervical and lumbar disc disease.

In August 2014, the Regional Office denied Mr. Gainer's claim once more, and in January 2015, the Board remanded, finding that Mr. Gainer should be medically

examined another time. Mr. Gainer refused to be examined, stating that Dr. Hardin's June 2014 examination notes and his 1990 hospitalization records had not been considered in earlier decisions. He indicated that he wanted the Department to review his claim on the existing record. On remand, the Regional Office denied Mr. Gainer's claim yet again.

In February 2015, the Board remanded so that Mr. Gainer could be examined, if possible, by a vocational-rehabilitation specialist. But Mr. Gainer refused to be examined, repeating his contention that his claim should be reviewed on the existing record. In May 2015, the Regional Office denied his claim, for the last time, and in July 2015, the Board affirmed.

In June 2016, the Veterans Court affirmed the Board's decision. The court rejected Mr. Gainer's argument that the Board failed to consider Dr. Hardin's June 2014 examination notes, citing the "presumption" that the Department, including the Board, reviews all evidence in the record and finding that Mr. Gainer had not adequately rebutted that presumption. J.A. 7. The court also rejected Mr. Gainer's argument that the Board erred by considering evidence not considered by the Regional Office, both with respect to Dr. Hardin's examination notes and in general. Finally, the court rejected Mr. Gainer's argument that the Board erred in not applying the rating criteria for intervertebral disc syndrome. The court concluded that those criteria do not apply to a claim for total disability based on individual unemployability. Mr. Gainer appeals.

## II

Our jurisdiction is limited. In this case, which involves no constitutional claim, we have jurisdiction to review the Veterans Court's decision only to the extent that Mr. Gainer challenges a Veterans Court decision on a legal matter, not on a factual determination or the appli-

cation of legal standards to the particular facts.  38 U.S.C. § 7292(c), (d)(2); *see, e.g., Wagner v. Shinseki*, 733 F.3d 1343, 1344 (Fed. Cir. 2013).

Mr. Gainer argues that the Veterans Court misinterpreted 38 U.S.C. § 7104(a) when it rejected his argument that the Board had erroneously considered evidence not considered by the Regional Office.  Having reviewed the court's decision, we see no error.  Section § 7104(a) provides, in relevant part, that the Board's decisions "shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation."  38 U.S.C. § 7104(a).  In accordance with that provision, the Veterans Court held that "the Board generally may not consider evidence in the first instance without a waiver from the claimant."  J.A. 8.  Although the court noted that Mr. Gainer did not "identify the specific evidence that he contend[ed] was improperly considered by the Board," it proceeded to review the record in view of that interpretation.  *Id.*  None of the court's actions, including its analysis of Dr. Hardin's June 2014 medical notes, suggest that it interpreted § 7104(a) differently.  We therefore reject Mr. Gainer's claim of legal error by the Veterans Court.

Separately, Mr. Gainer argues that the Veterans Court erred because it did not review an administrative grievance regarding the Board's May 2014 remand decision.  To the extent that Mr. Gainer alleges that the court misinterpreted § 7104(a) in this regard, we see no legal error in the court's interpretation of that statute.  Mr. Gainer has not identified any other alleged error of law. We therefore must reject this argument as well.

Finally, Mr. Gainer argues that "the version of the facts accepted by the Board is not supported by substantial evidence and the version of the facts accepted by the court is clearly erroneous."  Appellant's Br. 1.  That argument requires us to review the Veteran's Court's

factual determinations, which we lack jurisdiction to do. 38 U.S.C. § 7292(d)(2). We therefore dismiss Mr. Gainer's remaining arguments for lack of jurisdiction.

### CONCLUSION

For foregoing reasons, we affirm the judgment of the Court of Appeals for Veterans Claims with respect to its interpretation of § 7104. We dismiss Mr. Gainer's appeal in all other respects.

No costs.

**AFFIRMED IN PART and DISMISSED IN PART**