NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HECTOR CAMARENA,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2022-1864

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-7259, Judge Michael P. Allen.

---

Before DYK, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

### O R D E R

In response to the court's order to show cause, the Secretary of Veterans Affairs urges dismissal of this appeal as untimely. Hector Camarena has not responded.

On March 3, 2022, the United States Court of Appeals for Veterans Claims entered judgment for its earlier decision denying Mr. Camarena's petition for a writ of mandamus, finding that the Department of Veterans Affairs had complied with the court's remand order and resolved his

benefits claim. On April 24, 2022, and April 30, 2022, the Veterans Court received from Mr. Camarena identical copies of a letter from the Secretary concerning the Department's policy for reporting harassment on which Mr. Camarena wrote that he had been a victim of a hate crime in 1974. On May 4, 2022, the Clerk of the Veterans Court issued the mandate and sent a letter informing Mr. Camarena that the case was now closed. On May 20, 2022, the Veterans Court received Mr. Camarena's notice of appeal.

Section 7292(a) of title 38 of the U.S. Code provides that review by this court of a "decision" of the Veterans Court "shall be obtained by filing a notice of appeal with the Court of Appeals for Veterans Claims within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts." Thus, before a party can obtain judicial review in this court, a would-be appellant must give "notice" of the appeal and must give that notice within "the time and in the manner" prescribed for appeals from district courts to courts of appeals, *see* 28 U.S.C. § 2107. *Id.* Under § 2107(b), an appeal from a final judgment in a proceeding involving the United States must be filed within 60 days from entry of the judgment. 28 U.S.C. § 2107(b)(3); Fed. R. App. P. 4(a)(1)(B). The Supreme Court has explained that the deadline to appeal from a district court judgment is jurisdictional and not subject to equitable tolling. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). And we have held the same for appeals from the Veterans Court to this court. *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013); *see also Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011).

Here, no submission by Mr. Camarena filed at the Veterans Court would satisfy the requirements to obtain review by this court over the Veterans Court's judgment. While the May 20, 2022, notice of appeal could perhaps be construed as giving notice to the Secretary and this court that he was intending to seek review of the March 3, 2022, judgment, it was filed outside of the 60-day deadline. And

while his April 24, 2022, and April 30, 2022, submissions were submitted within 60 days from the date of the judgment, they fail, even under a liberal reading, to "indicate the litigant's intent to seek appellate review," *Smith v. Barry*, 502 U.S. 244, 248 (1992) (citations omitted), because they do not designate any judgment, *see* Fed. R. App. P. 3(c)(1)(B), (C) (requiring a notice of appeal to designate the judgment under appeal and the court to which appeal is taken), or convey any intention by him to appeal.

Mr. Camarena's attempts to appeal from the Veterans Court's mandate and closed case letter suffer from a separate problem: they are not appealable decisions within this court's jurisdiction under 38 U.S.C. § 7292(a). *See Krueger v. Gober*, 251 F.3d 169, 2000 WL 1897660, at *1 (Fed. Cir. 2000) (Table) (noting that this court does not have jurisdiction to review a clerk's case closed letter); *Germany v. McDonough*, No. 2022-1806, 2022 WL 3147897, at *1 (Fed. Cir. Aug. 8, 2022) (dismissing appeal from Veterans Court's entry of mandate for lack of jurisdiction); *cf. Amara v. Cigna Corp.*, 53 F.4th 241, 252 (2d Cir. 2022) ("The Supreme Court has held that we lack jurisdiction over appeals from ministerial orders."). We therefore lack jurisdiction and dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

February 28, 2023                    /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court