NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLIE J. JACKSON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2024-1292

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-3623, Chief Judge Margaret C. Bartley, Judge William S. Greenberg, and Judge Joseph L. Toth.

---

Before DYK, WALLACH, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

## O R D E R

In response to the court's January 22, 2024 show cause order, Charlie J. Jackson urges the court to excuse his untimely-filed notice of appeal. The Secretary of Veterans Affairs has not responded.

The United States Court of Appeals for Veterans Claims entered final judgment in this case on October 6,

2023. The Veterans Court received Mr. Jackson's notice of appeal 74 days later on December 19, 2023.

To be timely, a notice of appeal must be filed within 60 days of the entry of judgment. *See* 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B); Fed. Cir. R. 1(a)(1)(D). As with appeals from district courts, the statutorily prescribed time for filing appeals from the Veterans Court is jurisdictional, meaning that we cannot take account of individual circumstances for the untimely filing. *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013); *see also Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011) (indicating jurisdictional restrictions on the time for taking an appeal under section 7292(a)). Because Mr. Jackson's notice of appeal was not filed within 60 days of the judgment of the Veterans Court, this court lacks jurisdiction and must dismiss.[*]

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

---

[*]    The court notes that Mr. Jackson's notice of appeal, filed with the Veterans Court within 30 days after the time to appeal expired, appears to argue that he was not timely served with the Veterans Court's judgment. ECF No. 1-2 at 1. We deem it appropriate to transmit this order to the Veterans Court for it to consider whether Mr. Jackson's submission could be construed as a motion for that court to extend the time to appeal and, if so, whether such relief is appropriate. *See* 28 U.S.C. § 2107(c), Fed. R. App. P. 4(a)(5); *cf.* 38 U.S.C. § 7292(a).

JACKSON v. MCDONOUGH                                                                3

(2)  Each party shall bear its own costs.

(3)  The Clerk of Court is directed to transmit a copy of this order and ECF No. 1-2 to the United States Court of Appeals for Veterans Claims for its consideration.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

March 22, 2024
Date

cc:  United States Court of Appeals for Veterans Claims