NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BURFORD EARL FREDERICK,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, Secretary of Veterans Affairs,**

*Respondent-Appellee*

---

2024-1539

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-2112, Judge Scott Laurer.

---

**ON MOTION**

---

Before STOLL, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Federal Circuit Rule 27(f) and to dismiss this appeal for lack of jurisdiction on timeliness grounds.

ECF No. 9.  Burford Earl Frederick states that he wants to "continue to pursue his appeal."  ECF No. 10 at 1.[1]

The United States Court of Appeals for Veterans Claims entered judgment in this case on May 27, 2021, and received Mr. Frederick's notice of appeal 999 days later on February 20, 2024.  To be timely, a notice of appeal must be "within the time and in the manner prescribed for appeal" from a district court to a court of appeals, which is 60 days.  38 U.S.C. § 7292(a); *see* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B); Fed. Cir. R. 1(a)(1)(D).  Like appeals from district courts, the statutorily prescribed time for filing appeals from the Court of Appeals for Veterans Claims is jurisdictional.  *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013); *see also Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011) ("Because the time for taking an appeal from a district court to a court of appeals in a civil case has long been understood to be jurisdictional, th[e] language [of § 7292(a)] clearly signals an intent to impose the same restrictions on appeals from the [Court of Appeals for Veterans Claims] to the Federal Circuit." (citation omitted)).  Because Mr. Frederick's notice of appeal was not filed within 60 days of the judgment, this court lacks jurisdiction and must dismiss.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)  The Secretary's motion to dismiss, ECF No. 9, is granted to the extent that the appeal is dismissed.

(2)  ECF No. 3 is deemed withdrawn.

---

[1]  Mr. Frederick also asks the court to "dismiss his motion to expedite review of his appeal."  *Id.*  That motion, ECF No. 3, is deemed withdrawn.

FREDERICK v. MCDONOUGH                                           3

(3)  Each side shall bear its own costs.

FOR THE COURT



June 25, 2024                                    Jarrett B. Perlow
Date                                             Clerk of Court