NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BARBARA GOODARD,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2024-1559

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-3478, Judge William S. Greenberg.

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

In response to the court's April 24, 2024 show cause order, the Secretary of Veterans Affairs urges dismissal of the appeal as untimely. Barbara Goodard also responds, arguing that her appeal is timely, and submits her informal opening brief.

On November 17, 2023, the United States Court of Appeals for Veterans Claims issued its decision dismissing

Ms. Goodard's appeal for lack of jurisdiction, concluding that the Board of Veterans' Appeals had not yet issued a final decision. The court entered judgment on December 11, 2023. On February 12, 2024, Ms. Goodard filed what the Court of Appeals for Veterans Claims deemed a motion for reconsideration. Five days later, on February 17, 2024, she filed a notice of appeal seeking this court's review of "the U.S. Court of Appeals for Veterans Claims decision dated November 17, 2023." ECF No. 1-2 at 1. On February 27, 2024, the Court of Appeals for Veterans Claims denied Ms. Goodard's motion for reconsideration.

This court lacks jurisdiction to hear Ms. Goodard's appeal from the judgment of the Court of Appeals for Veterans Claims because her appeal from that judgment was untimely. Like appeals from district courts, the statutorily prescribed time for filing appeals from the Court of Appeals for Veterans Claims is jurisdictional, meaning that we may not excuse an untimely appeal. *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013); *see also Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011) ("Because the time for taking an appeal from a district court to a court of appeals in a civil case has long been understood to be jurisdictional, th[e] language [of 38 U.S.C. § 7292(a)] clearly signals an intent to impose the same restrictions on appeals from the [Court of Appeals for Veterans Claims] to the Federal Circuit." (citation omitted)). To be timely, a notice of appeal must be filed "within the time and in the manner prescribed for appeal" from a district court to a court of appeals, which, as relevant here, is 60 days after the judgment. § 7292(a); *see* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B); Fed. Cir. R. 1(a)(1)(D). Ms. Goodard filed her appeal outside this jurisdictional deadline.

Ms. Goodard's motion for reconsideration at the Court of Appeals for Veterans Claims did not act to toll the time to file an appeal from the underlying final judgment. Under the Rules of that court, a motion for reconsideration "shall be filed not later than 21 days . . . after the date of

the dispositive action for which reconsideration, panel review, or full Court review is sought." Rule 35(d) of the Court of Appeals for Veterans Claims's Rules of Practice and Procedure. Ms. Goodard filed her motion 87 days after the date of the decision and after judgment had already been issued. That was too late. *See Nastor v. Nicholson*, 153 F. App'x 735 (Fed. Cir. 2005) (noting "motion for reconsideration was untimely under the Court of Veterans Appeals' rules and did not toll the time for filing an appeal").

If Ms. Goodard receives an unsatisfactory decision from the Board on remand, she may seek review first at the Court of Appeals for Veterans Claims and may pursue further review in this court if she is unsatisfied with that court's decision by filing a timely appeal.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 23, 2024
Date