NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRESTON L. SCHOFIELD,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, Secretary of Veterans Affairs,**

*Respondent-Appellee*

---

2025-1066

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-3320, Judge Michael P. Allen.

---

**ON MOTION**

---

Before TARANTO, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

In response to the court's show cause order, the Secretary of Veterans Affairs urges dismissal of this appeal as untimely. Preston L. Schofield responds, arguing, among other things, that equitable tolling should apply. He also moves for various relief, including "summary judgment,"

ECF No. 10 at 1, "certif[ication of] controlling questions of law," and "expedited review," ECF No. 18 at 1.

On July 8, 2024, the United States Court of Appeals for Veterans Claims issued an order resolving Mr. Schofield's petition.[1]  Judgment was entered July 30, 2024.  Mr. Schofield filed motions for reconsideration en banc on August 17 and 18, 2024, which the court returned unfiled as not permitted by the court's rules.  *See* Rule 35 of the Court of Appeals for Veterans Claims's Rules of Practice and Procedure.  On October 8, 2024, the Court of Appeals for Veterans Claims received Mr. Schofield's notice of appeal, 70 days after judgment.

The timely filing of a notice of appeal from the Court of Appeals for Veterans Claims is a jurisdictional requirement, meaning that we cannot take account of individual circumstances for the untimely filing.  *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013); *see also Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011) (indicating jurisdictional restrictions on the time for taking an appeal under section 7292(a)).  To be timely, a notice of appeal must be received by the Court of Appeals for Veterans Claims within 60 days of the entry of judgment.  *See* 38 U.S.C. § 7292(a); *see also* 28 U.S.C. § 2107(b).

Here, Mr. Schofield did not file a notice of appeal within 60 days of the July 30, 2024 judgment in this case.  Moreover, his motions for reconsideration did not act to extend the deadline to file an appeal from that judgment because he failed to seek reconsideration within the time authorized under that court's rules.  *See Nastor v. Nicholson*, 153 F. App'x 735 (Fed. Cir. 2005).  Finally, this court cannot

---

[1]    The order denied in part his request for mandamus relief and transferred part of the matter to its regular appeal docket, which is currently pending.  *Schofield v. Hunter*, No. 24-4654 (Vet. App. May 16, 2024)

review a decision of the Court of Appeals for Veterans Claims that merely rejects a motion for rehearing as non-compliant and does not involve the validity or interpretation of a statute or regulation. *See Garcia v. McDonough,* No. 2022-1772, 2023 WL 2422443, at \*2 (Fed. Cir. Mar. 9, 2023) (citing 38 U.S.C. § 7292(d)(2)).

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  All pending motions are denied as moot.  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 27, 2025
Date