NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES E. KING,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2025-1660

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-859, Judge Amanda L. Meredith.

---

Before TARANTO, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

On March 24, 2025, Charles E. King filed a notice of appeal from the April 2021 judgment of the United States Court of Appeals for Veterans Claims.  Because the appeal appeared untimely, we directed the parties to address our jurisdiction.  Mr. King argues dismissal would be unfair

because he did not receive the decision until recently. The Secretary of Veterans Affairs has not responded.

The timely filing of a notice of appeal seeking this court's review of a decision of the Court of Appeals for Veterans Claims is a jurisdictional requirement that is not subject to equitable exceptions. *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013) (citing *Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011)); *see also Bowles v. Russell*, 551 U.S. 205, 213 (2007) (noting courts have "no authority to create equitable exceptions to jurisdictional requirements"). A notice of appeal must be filed within 60 days of entry of judgment. *See* 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B); Fed. Cir. R. 1(a)(1)(D). Here, Mr. King's notice of appeal is untimely because it was filed nearly four years after judgment.

Although we are sympathetic to Mr. King's argument that he did not receive notice of the decision until recently, there is no basis to extend the time for him to file an appeal. To the extent it even applies here, Congress only permits courts to extend the time to appeal under similar circumstances "upon motion filed within 180 days after entry of the judgment . . . or within 14 days after receipt of . . . notice [of the judgment], whichever is earlier," § 2107(c); *see* Fed. R. App. P. 4(a)(6)(B); Fed. R. Civ. P. 77(d)(2). Mr. King appears to have made no filing within this time limit, and we are not aware of any other authority that could excuse the untimeliness of his appeal. *Cf.* 2005 Advisory Committee Notes to Fed. R. App. P. 4 ("[A]n appeal cannot be brought more than 180 days after entry [of the judgment], no matter what the circumstances.").

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed for lack of jurisdiction.

(2)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 17, 2025
Date