NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALLEN CLIFFORD SMITH,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, Secretary of Veterans Affairs,**

*Respondent-Appellee*

---

2025-2055

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-704, Judge Grant Jaquith.

---

**ON MOTION**

---

Before REYNA, BRYSON, and STARK, *Circuit Judge*s.

PER CURIAM.

## O R D E R

In response to the court's show cause order, the Secretary of Veterans Affairs urges dismissal of this appeal as untimely.  Allen Clifford Smith has not responded to the order but has submitted his informal opening brief and a motion to "give In Person Live testimony."  ECF No. 8 at 2.

Mr. Smith appealed the decision of the Board of Veterans' Appeals denying an earlier effective date for his service-connected disability. On May 22, 2025, the United States Court of Appeals for Veterans Claims entered judgment affirming the Board's decision. On June 20, 2025, Mr. Smith moved to extend the time to seek reconsideration at the Court of Appeals for Veterans Claims, which was denied July 1, 2025. On July 25, 2025, the Court of Appeals for Veterans Claims received his notice of appeal.

This court lacks jurisdiction under 38 U.S.C. § 7292(a) to hear Mr. Smith's appeal from the judgment of the Court of Appeals for Veterans Claims because his appeal from that judgment was untimely. Like appeals from district courts, the statutorily prescribed time for filing appeals from the Court of Appeals for Veterans Claims is jurisdictional. *See Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013); *see also Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011) ("Because the time for taking an appeal from a district court to a court of appeals in a civil case has long been understood to be jurisdictional, th[e] language [of § 7292(a)] clearly signals an intent to impose the same restrictions on appeals from the [Court of Appeals for Veterans Claims] to the Federal Circuit." (citation omitted)). To be timely, a notice of appeal must be filed "within the time and in the manner prescribed for appeal" from a district court to a court of appeals, which, as relevant here, is 60 days after the judgment. § 7292(a); *see* 28 U.S.C. § 2107(b); *see also* Fed. R. App. P. 4(a)(1)(B); Fed. Cir. R. 1(a)(1)(D). Mr. Smith filed his appeal 64 days after the judgment, which is outside that jurisdictional deadline.[1]

---

[1]    While the appeal was filed within 60 days from the order denying Mr. Smith's motion to extend the time to seek reconsideration, he fails to raise any challenge to that order in his informal opening brief.

Mr. Smith's motion to extend the time to request reconsideration at the Court of Appeals for Veterans Claims did not toll the time to appeal the final judgment. Under the applicable rules, a motion for reconsideration "shall be filed not later than 21 days . . . after the date of the dispositive action for which reconsideration, panel review, or full Court review is sought." Rule 35(d) of the Court of Appeals for Veterans Claims's Rules of Practice and Procedure. Mr. Smith's motion, to the extent he was seeking reconsideration, was filed 29 days after the date of the decision and after judgment had already been issued. That was too late to toll. *See Nastor v. Nicholson*, 153 F. App'x 735, 735 (Fed. Cir. 2005) (noting "motion for reconsideration was untimely under [that court's] rules and did not toll the time for filing an appeal"); *cf.* Fed. R. App. P. 4(a)(4).

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  All pending motions are denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 29, 2025
Date